## Ex parte MULDERIG et al.

District Court, S. D. Texas, Galveston Division.

Feb. 25, 1937.

Royston & Rayzor, of Galveston, Tex., for petitioners.

Douglas W. McGregor, U. S. Dist. Atty., and Brian S. Odem, Asst. U. S. Dist. Atty., both of Houston, Tex., for U. S. Shipping Commissioner.

KENNERLY, District Judge.

The steamship W. R. Keever, of more than 100 gross tonnage, with Francis Mulderig (who brings this suit and is called plaintiff) and 23 other persons (for whom he also brings this suit) as its crew, ended at Houston, Tex., subsequent to February 20, 1937, a coastwise voyage from Chester, Pa. At the termination of such voyage, such crew was discharged. The ship then proceeded to Galveston, Tex., where she loaded a cargo of sulphur for an intercoastal voyage through the Panama Canal to the Pacific Coast. The master of the ship has offered to employ plaintiff and such 23 other persons as the ship's crew on such voyage to the Pacific Coast, and they have accepted such offer and are ready to begin such voyage.

Plaintiff and such 23 others have, however, each failed and refused and still fail and refuse to make application for or to take and receive the "continuous discharge book" required by sections 643, 689, 690, 691, and 692, title 46, U.S.C.A. (Act June 25, 1936, 49 Stat. 1934, 1936), and by regulations promulgated by the Secretary of Commerce thereunder, and, because of such failure and refusal, C. W. Matson (defendant), shipping commissioner at Galveston, refuses to allow plaintiff and the others to sign articles for such voyage.

This is a suit by plaintiff for himself and the others against defendant as such shipping commissioner, for a mandatory injunction, compelling defendant to allow plaintiff and the others to sign such articles for such voyage, and this is a hearing of plaintiff's application for preliminary injunction.

Jurisdiction is claimed under subdivision 8 of section 41, title 28, U.S.C.A.

Section 643 of title 46, U.S.C.A., under which provision is made for "continuous discharge books," is attacked as void and unconstitutional in so far as it attempts to delegate to the Secretary of Commerce "the right and authority to legislate and attempt to govern" the acts of plaintiff, and the regulations promulgated by the Secretary of Commerce are attacked as unreasonable, arbitrary, impractical, and unlawful.

Passing by for determination at the trial on the merits the question of whether there is jurisdiction and the question of whether there is shown in plaintiff's bill and by the evidence a case cognizable in a court of equity, it seems sufficient to say on this hearing that section 643 of title 46, U.S.C.A., both in the matter of requiring seamen to have such book and in authorizing the Secretary of Commerce to promulgate regulations, is well within constitutional bounds, and that when considered in connection with that portion of section 689, Title 46, which requires the Secretary of Commerce to enforce it, is sufficient, independently of any regulations promulgated by the Secretary of Commerce, to authorize and require defendant to refuse to allow such articles to be signed by plaintiff and the others until and unless they shall apply for and receive and take such book.

Nor does it appear that the regulations complained of are either unreasonable, impractical, or unlawful.

It follows that the preliminary injunction should be denied.

Let an order be drawn and presented accordingly.